**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DARWIN MOISES AMADOR-ZEPEDA,

*Plaintiff*,

v.

UNITED STATES OF AMERICA, *et al.*,

*Defendants*.

Civil Action No. 25-cv-17010

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Plaintiff Darwin Moises Amador-Zepeda's ("Plaintiff") Motion for Reconsideration ("Motion") of the Court's November 26, 2025 Order (ECF No. 5) denying without prejudice his request for the appointment of *pro bono* counsel. (ECF No. 9.) The Court has also considered Plaintiff's Supplemental Submission in support of the Motion. (ECF No. 11.) The Court decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Motion is **DENIED WITHOUT PREJUDICE.**

In its November 26, 2025 screening Opinion and Order, the Court granted Plaintiff's application to proceed *in forma pauperis*, permitted Plaintiff's sexual assault and negligent supervision claims to proceed beyond screening, dismissed the remaining claims without prejudice, and denied Plaintiff's motion for appointment of counsel without prejudice. (ECF No. 6.) In denying the request for counsel, the Court concluded that Plaintiff had demonstrated an ability to present his claims, that the surviving claims were not unduly complex, and that expert testimony did not then appear likely to be necessary. (*Id.* at 4-5.)

Plaintiff now seeks reconsideration, asserting that he does not speak English, depends upon other inmates to translate court filings and legal materials, fears retaliation from prison staff, lacks the ability to conduct discovery or obtain evidence, and suffers from physical and psychological injuries arising from the alleged assault. (ECF No. 9 at 1.) Plaintiff's supplemental submission further represents that it took him approximately eight months to obtain photographs documenting his medical condition, that the inmate who previously assisted him is no longer available, and that his medical condition has continued to worsen while this litigation remains pending. (ECF No. 11 at 2.) Although Plaintiff references photographs attached to his supplemental submission, no such photographs appear on the docket. The Court has nevertheless considered Plaintiff's factual representations in support of his request.

A motion for reconsideration is an extraordinary remedy that should be granted sparingly. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is appropriate only where the moving party demonstrates: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.*

Pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to request that an attorney represent an indigent litigant. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Before considering the factors identified in *Tabron*, the Court must first determine whether the plaintiff's claims have arguable merit in fact and law. *Montgomery v. Pinchak*, 294 F.3d 492, 498-499 (3d Cir. 2002). If that threshold requirement is satisfied, the Court considers, among other things, the plaintiff's ability to present his own case, the complexity of the legal issues, the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation, the likelihood that the case will turn on credibility determinations, whether expert testimony will be

required, and the plaintiff's ability to retain counsel. *Tabron*, 6 F.3d at 155-57; *Parham v. Johnson*, 126 F.3d 454, 457-61 (3d Cir. 1997).

The Court previously determined that Plaintiff's surviving claims possess sufficient arguable merit to proceed beyond screening. (ECF No. 6 at 6.) The additional information presented in Plaintiff's Motion and Supplemental Submission, however, does not alter the Court's conclusion that appointment of counsel is not warranted at this stage of the proceedings.

The Court has carefully considered Plaintiff's representations that he does not speak English, relies upon fellow inmates for translation assistance, and no longer has access to the inmate who previously assisted him. (ECF No. 9 at 1.) The Court has also considered Plaintiff's assertions regarding his medical condition, his fear of retaliation, and the emotional difficulty associated with litigating claims arising from an alleged sexual assault. (*Id.*, ECF No. 11 at 1-2.) These circumstances are undoubtedly challenging. Nevertheless, despite these obstacles, Plaintiff has successfully filed a complaint, an amended complaint, motions, and supporting submissions that adequately set forth the factual basis of his claims and the relief he seeks. See *Parham*, 126 F.3d at 459 (directing courts to consider a litigant's education, literacy, prior work experience, prior litigation experience, and ability to understand English in assessing the plaintiff's ability to present his case). At this juncture, the record demonstrates that Plaintiff has been able to communicate his claims to the Court notwithstanding the assistance he requires with translation.

Moreover, the litigation remains in its infancy. Plaintiff argues that he cannot obtain documents, question witnesses, conduct discovery, or respond to government counsel without an attorney. (ECF No. 11 at 2.) Those concerns may become relevant as the litigation progresses. At present, however, no defendant has appeared, no scheduling order has been entered, and discovery has not commenced. See *Tabron*, 6 F.3d at 156 (explaining that the need for counsel

must be evaluated in light of the practical demands of the litigation as it develops). Accordingly, many of the difficulties identified by Plaintiff remain prospective rather than immediate.

The Court also notes that service has not yet been effected. Pursuant to the Court's November 26, 2025 Order, the Clerk was directed to provide Plaintiff with USM-285 forms so that the United States Marshal could effect service upon Defendants after Plaintiff returned the completed forms. (ECF Nos. 6, 7.) The docket further reflects that, on January 6, 2026, chambers was notified that the completed USM-285 forms remained outstanding. (Docket Entry dated Jan. 6, 2026.) Until Plaintiff returns the completed USM-285 forms, service cannot be effected and this matter cannot proceed beyond its preliminary stage. Consequently, many of Plaintiff's asserted concerns regarding discovery, obtaining evidence from Defendants, and responding to defense counsel have not yet arisen.

The Court has also considered Plaintiff's assertion that it took him approximately eight months to obtain photographs documenting his medical condition and that he has experienced difficulty obtaining medical records while incarcerated. (ECF No. 11 at 2.) While the Court does not discount Plaintiff's representations, those allegations do not presently establish that appointment of counsel is necessary to ensure fundamental fairness. Should the case proceed to discovery and Plaintiff encounter substantial obstacles in obtaining evidence necessary to litigate his surviving claims despite utilizing the discovery procedures available under the Federal Rules of Civil Procedure, the Court may revisit whether appointment of counsel is appropriate.

Accordingly, having carefully reconsidered its prior ruling and the additional information submitted by Plaintiff, the Court concludes that the balance of the *Tabron* factors continues to weigh against appointment of counsel at this time. The denial, however, remains without prejudice should circumstances materially change as this litigation progresses.

Accordingly,

**IT IS**, on this 26th day of August, 2026,

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 9) is **DENIED**; and it is further

**ORDERED** that the denial is **WITHOUT PREJUDICE** to Plaintiff filing a renewed motion for appointment of counsel should circumstances materially change, including after Defendants have been served, discovery has commenced, or the complexity of the litigation otherwise demonstrates that appointment of counsel is warranted under *Tabron* and its progeny; and it is further

**ORDERED** that, **Plaintiff shall complete and return the USM-285 forms previously provided by the Clerk of the Court so that service may be effected in accordance with the Court's November 26, 2025 Order (ECF No. 6)**; and it is further

**ORDERED that, Plaintiff may request pro bono counsel for the limited purpose of effectuating service;** and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

**Hon. Karen M. Williams,**
**United States District Judge**